**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

ADAM MCKINNLEY DEVON McELROY                          PLAINTIFF

V.                              CASE NO. 1:16-CV-14-BSM-BD

KIM RACKLEY, et al.                                   DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

I.    <u>**Procedure for Filing Objections:**</u>

This Recommended Disposition ("Recommendation") has been sent to Chief
Judge Brian S. Miller.  You may file written objections to this Recommendation.  If you
file objections, they must be specific and must include the factual or legal basis for your
objection.  Your objections must be received in the office of the United States District
Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without
independently reviewing the record.  By not objecting, you may also waive any right to
appeal questions of fact.

II.   <u>**Discussion:**</u>

A.    Background

Plaintiff Adam McKinnley Devon McElroy, a pretrial detainee at the Cleburne
County Detention Center ("Detention Center"), filed this lawsuit pro se under 42 U.S.C.
§ 1983 on February 17, 2016.  Mr. McElroy alleges that, while he was housed in
protective custody, he was stabbed by inmate Kenneth Lange.  He further alleges that he

did not receive medical attention for the injuries he sustained during the inmate attack until the day after the incident.  (Docket entry #2)

Mr. McElroy has now filed an addendum to his complaint, alleging that inmate Lange is scheduled to return to the Detention Center and that the two will be housed in the same pod.  (#11)

The Court previously identified deficiencies in Mr. McElroy's complaint and gave him the opportunity to amend his complaint to cure those deficiencies.  (#3, #6)  Mr. McElroy initially named Kim Rackley, Cody Holldorff, Kyle Dodson, and Malissa Waldrup as Defendants.  (#2)  The Court granted Mr. McElroy's motion to dismiss Defendant Rackley.  (#7, #8)  Thereafter, the Court granted Mr. McElroy's motion to substitute Willie Baker as the sole Defendant in this case.  (#9, #10)  Unfortunately, Mr. McElroy has not explained how Defendant Baker was personally involved in *any* of the constitutional violations he alleges.  *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")(internal quotation marks and citation omitted)).

B.      Failure to Protect

Mr. McElroy has not alleged that Defendant Baker had prior knowledge of a substantial risk of harm inmate Lange posed to Mr. McElroy, much less that he knowingly disregarded such a risk.  See *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir.

2

2011); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007) (To adequately state a failure-to-protect claim, an inmate must allege that he faced a substantial risk of serious harm and that defendants knew of, but disregarded, that risk.)

Mr. McElroy may have heard rumors that inmate Lange might return to the Detention Facility and that he might be placed in Mr. McElroy's pod, but allegations about a risk inmate Lange might pose in the future are too speculative to state a constitutional claim to relief.  Furthermore, Mr. McElroy has not alleged that Defendant Baker has been informed of those facts.

C.     Deliberate Indifference

Mr. McElroy alleges that during the underlying attack, he was stabbed with a pen at approximately 5:00 p.m., and that the tip of the pin broke off in his arm.  He claims that "they" knew about the injury, but that the pen tip was not removed until after lunch the following day.  (#2, #11)  To state a deliberate-indifference claim, Mr. McElroy must allege facts showing that prison officials knew of a serious medical need, yet deliberately disregarded it.  *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).  Negligence, and even gross negligence, are insufficient to establish deliberate indifference.  *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000))  See *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995)(quoting *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir.1995), abrogated on other

3

grounds by *Johnson v. Jones*, 515 U.S. 304 (1995)), as recognized in *Reece*, 60 F.3d at 492 (internal quotation marks omitted))(prisoner alleging a delay in treatment was deliberately indifferent must present verifying medical evidence prison officials "ignored an acute or escalating situation or that [the] delays adversely affected his prognosis.")

In this case, Mr. McElroy has not explained how he was harmed by the alleged delay in receiving medical care; nor does he explain how Defendant Baker was involved in the delay.

## III.   <u>Conclusion</u>:

The Court recommends that Mr. McElroy's claims against Defendant Baker be DISMISSED, without prejudice, for failure to state a federal claim to relief, and that this case be closed.

DATED this 23rd day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE